IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ABEL O. MAYMI, | : | CIVIL ACTION |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| PERRY PHELPS, Warden, and | : | |
| ATTORNEY GENERAL OF | : | |
| THE STATE OF DELAWARE, | : | |
| | : | |
| Respondents. | : | NO. 10-638 |

**MEMORANDUM**

Schiller, J.                                                                                                      September 9, 2011

## I.   INTRODUCTION

Presently before the Court is a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") (Docket entry no. 1) filed by Petitioner Abel O. Maymi ("Petitioner"). Petitioner contends that he is entitled to habeas corpus relief due to the ineffective assistance of his defense counsel. For the following reasons, the Petition is denied as time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2244.

## II.  BACKGROUND

In November 2004, Petitioner was charged by indictment as follows: four counts of first degree rape; continuous sexual abuse of a child; and two counts of unlawful second degree sexual contact. (Docket entry no. 13) On May 25, 2005, Petitioner pled guilty to one count of second degree rape, two counts of third degree rape, and the continuous sexual abuse of a child, in exchange for which the State dismissed the balance of the indictment. The Delaware Superior Court sentenced Petitioner to a total of twenty (20) years of incarceration. *Id*.

Petitioner did not appeal his convictions or sentence. Rather, on May 21, 2007, he filed a motion for sentence modification, which the Superior Court denied on June 14, 2007. (Docket entry no. 12, Motion to Affirm in *Maymi v. State*, No.186,2010, Ex. A at entries 16, 17)

On August 13, 2008, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), seeking to withdraw his guilty plea. (Docket entry no. 12, Motion to Affirm in *Maymi v. State*, No.186,2010 at 1-2, Ex. A at entries 18, 19). The Superior Court denied the Rule 61 motion on January 15, 2009, and Petitioner did not appeal that judgment. (Docket entry no. 12, Motion to Affirm in *Maymi v. State*, No.186,2010 at 1, Ex. A at entry 21).

Petitioner filed a second Rule 61 motion on April 13, 2009, which the Superior Court denied in June 2009. (Docket entry no. 12, Motion to Affirm in *Maymi v. State*, No.186,2010 at 2, Ex. A at entries 23-25, 27)  The Delaware Supreme Court affirmed the Superior Court's decision on September 25, 2009. *Maymi v. State*, 981 A.2d 1173 (Table), 2009 WL 3083021 (Del. Sept. 25, 2009).

Petitioner filed a third Rule 61 motion on November 18, 2009. (Docket entry no. 12, Motion to Affirm in *Maymi v. State*, No.186,2010 at 2, Ex. A at entry 34)  The Superior Court denied the motion, and the Delaware Supreme Court affirmed that judgment on July 21, 2010. *Maymi v. State*, 2 A.3d 74 (Table), 2010 WL 2854264 (Del. July 21, 2010)

Petitioner file the instant Petition in July 2010, asserting that his defense counsel provided ineffective assistance by failing to file an appeal of his guilty plea. (Docket entry no. 1) The State contends that the Petition must be dismissed as time-barred or, alternatively as procedurally barred. (Docket entry no. 13)

### III.  DISCUSSION

#### A.  One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The instant Petition, dated July 2010, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336.  Petitioner does not allege, and the court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D).  Accordingly, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner fails to appeal a state court judgment of conviction within the time allowed under state law, the judgment of conviction becomes final,

and the one-year period begins to run, upon expiration of the time period allowed for seeking direct review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Superior Court sentenced Petitioner on September 16, 2005, and he did not file a notice of appeal. In these circumstances, Petitioner's judgment of conviction became final on October 17, 2005.[1] *See* Del. Sup. Ct. R. 6(a)(ii)(establishing a 30 day period for timely filing a notice of appeal). AEDPA's statute of limitations started to run on October 18, 2005 and, applying the one-year limitations period to that date, Petitioner had until October 17, 2006 to timely file his Petition. *See Wilson v. Beard*, 426 F.3d 653, 662-66 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a), (e) applies to federal habeas petitions).

Petitioner, however, did not file his habeas Petition until July 25, 2010,[2] almost four full years after the expiration of AEDPA's statute of limitations. Thus, the Petition is time-barred, unless the limitations period can be statutorily or equitably tolled. *See Holland v. Florida*, __ U.S. __, 130 S.Ct. 2549, 2560 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2 )(statutory tolling). The Court will discuss each doctrine in turn.

**B. Statutory Tolling**

Pursuant to § 2244(d)(2) of AEDPA, a properly filed application for state collateral

---

[1] The thirty (30) day appeal period actually expired on October 16, 2005, which was a Sunday. Therefore, Petitioner had until the end of the day on October 17, 2005 to file an appeal. *See* Del. Sup. Ct. R. 11(a).

[2] Pursuant to the prison mailbox rule, the Court adopts July 25, 2010 as the date of filing. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); *Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002).

review tolls AEDPA's limitations period during the time the application is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000). "An application is properly filed when its delivery and acceptance are in compliance with the [State's] applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

In this case, Petitioner is not entitled to statutory tolling because all of his post-conviction applications (one motion for sentence modification and three Rule 61 motions) were filed after the expiration of AEDPA's limitations period. Accordingly, the Petition is time-barred unless equitable tolling is available.

### C. Equitable Tolling

AEDPA's limitations period may be tolled for equitable reasons in appropriate cases. *Holland*, 130 S.Ct. at 2560. However, a petitioner can only qualify for equitable tolling by demonstrating "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 2562. Equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004); *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones,* 195 F.3d at 159*; Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

Here, Petitioner contends that defense counsel's failure to file a notice of appeal and/or defense counsel's act of informing Petitioner that he did not have a right to file a direct appeal warrants equitable tolling. The Court is not persuaded by either argument. In non-capital cases such as this one, only egregious attorney error constitutes an extraordinary circumstance for purposes of equitable tolling. *Schlueter*, 384 F.3d at 76-7. "Egregious error" includes instances where an attorney affirmatively deceives the petitioner about filing a direct appeal, or where the attorney persistently neglects the petitioner's case. *Id*. Notably, Petitioner has neither alleged nor demonstrated such conduct by defense counsel. In addition, he has not demonstrated how defense counsel's failure to file a direct appeal prevented from filing a timely **habeas** petition.

Moreover, Petitioner has failed to demonstrate that he exercised the type of reasonable diligence in pursuing his claims that is needed to trigger equitable tolling. For instance, Petitioner did not file his motion for modification of sentence until two years after being sentenced in the Delaware Superior Court. Petitioner then waited more than a year after the denial of that motion to file his first Rule 61 motion. Such "a delay demonstrates that [Petitioner] did not diligently pursue available routes to collateral relief." *Satterfield v. Johnson*, 434 F.3d 185, 196 (3d Cir. 2006).

And finally, to the extent Petitioner erred in his computation of AEDPA's one-year filing period, that mistake does not warrant equitably tolling the limitations period. *See Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). Accordingly,

equitable tolling is not warranted, and the court will dismiss the petition as time-barred.[3]

## IV. CERTIFICATE OF APPEALABILITY

The Court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that the instant Petition does not warrant federal habeas relief and that reasonable jurists would not find this conclusion to be debatable. Consequently, the Court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons set forth above, the Court will dismiss the instant Petition for a writ of habeas corpus in its entirety without an evidentiary hearing. A separate Order follows.

| 9/9/11 | _____ |
|---|---|
| DATE | Berle M. Schiller, J. |

---

[3] Having determined that the petition is time-barred, the court need not address the State's alternative reason for denying the petition.