IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ABEL O. MAYMI, | : | CIVIL ACTION |
| Petitioner, | : | |
| v. | : | |
| PERRY PHELPS, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : | |
| Respondents. | : | NO. 10-638 |

**MEMORANDUM**

**Schiller, J.** **December 5, 2011**

Abel Maymi seeks reconsideration of this Court's Memorandum and accompanying Order denying his habeas petition as time-barred. (Document No. 17) Maymi appears to argue that his untimely filing should be excused pursuant to the equitable tolling doctrine because: (1) his tardiness is "irrelevant" under *McKinney v. United States*, 208 F.2d 844 (C.A.D.C. 1953); (2) his defense attorney rendered ineffective assistance; and (3) the fact that the prison library paralegals are untrained and refused to assist him constituted a denial of his right of access to the courts. *Id.*

## I. BACKGROUND

On July 25, 2010, Maymi petitioned the Court for habeas relief. (Document No. 1) Maymi asserted one claim that defense counsel rendered ineffective assistance by failing to file an appeal of his guilty plea. *Id.* The Court denied the petition as time-barred on September 9, 2011. (Document No. 15; Document No. 16) Maymi filed the instant motion for reconsideration

on September 20, 2011.

## II. STANDARD OF REVIEW

A motion for reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Although motions for reconsideration under Rule 59(e) and Rule 60(b) serve similar functions, each has a particular purpose. *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). For instance,"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances, *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988), but may be granted only in extraordinary circumstances. *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

In contrast, Rule 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *Fiorelli*, 337 F.3d at 288. The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

2

Case 1:10-cv-00638-BMS Document 18 Filed 12/05/11 Page 3 of 5 PageID #: 108

## III. DISCUSSION

Maymi has filed the instant motion pursuant to Rule 59(e) and Rule 60(b). However, because Maymi filed the instant motion within 28 days after the entry of the Court's judgment,[1] the Court will treat the motion as filed pursuant to Rule 59(e). *See, e.g.*, *Holsworth v. Berg*, 322 F. App'x 143, 146 (3d Cir. 2009); *Ranklin v. Heckler*, 761 F.2d 936, 942 (3d Cir. 1985) ("Regardless of how it is styled, a motion filed within ten days of entry of judgment questioning the correctness of judgment may be treated as a motion to amend or alter the judgment under Rule 59(e)."). In turn, because none of the three arguments asserted by Maymi point to an intervening change in controlling law or the availability of new evidence not previously available, the Court construes his motion as a request to correct a clear error of law or fact or to prevent manifest injustice.

Maymi's first contention is that his petition is not time-barred pursuant *McKinney v. United States*, 208 F.2d 844 (C.A.D.C. 1953), which held that a petitioner's tardiness is "irrelevant" when a constitutional issue is raised by a petitioner who is still confined in prison. *Id.* at 847. This argument is unavailing. When *McKinney* was decided in 1953, there was no time limitation for filing a § 2254 petition. However, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted in 1996, and habeas petitions filed after its enactment are subject to AEDPA's one-year limitations period. Thus, because Maymi filed his petition after AEDPA's enactment and AEDPA has superseded *McKinney*, Maymi's first argument does not warrant reconsideration of the Court's earlier decision that his petition is time-

---

[1] Rule 59(e) states that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

3

barred.

Maymi's next argument for reconsideration is that his late filing should be excused on the basis of ineffective assistance of counsel. Although Maymi presents several case citations involving a defendant's Sixth Amendment right to the effective assistance of counsel, his main contention appears to be that counsel rendered ineffective assistance by failing to help him fill out his plea agreement form and by advising Maymi that he could not appeal because he signed a legitimate plea agreement. Maymi, however, does not explain how counsel's alleged ineffective assistance during his criminal proceeding prevented him from timely filing a habeas petition. Therefore, Maymi's second argument does not provide a proper basis for granting the instant motion.

Finally, Maymi contends that reconsideration is warranted because he was denied access to the courts. Specifically, Maymi asserts that the prison paralegals are "untrained" and that they did not assist him in drafting a habeas petition because they believed "nothing" could be done due to the fact that he entered a guilty plea. Maymi, however, has not provided any evidence that the allegedly "subpar" paralegal assistance available to him caused him to file his habeas petition almost four years too late. Accordingly, the Court concludes that Maymi's argument that he was denied access to the courts does not warrant reconsideration of the Court's decision that the Petition is time-barred.

For all of these reasons, the Court will deny Maymi's motion for reconsideration. The Court further concludes that there is no basis for the issuance of a certificate of appealibility, because Maymi has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir.

1997).

## IV.   CONCLUSION

The Court will deny Maymi's motion because he has failed to demonstrate that he is entitled to reconsideration. An Order consistent with this Memorandum follows.

    12-5-11           _____
    DATE                                Berle M. Schiller, J.